UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLOTTE BLACKMON,

    Plaintiff,

v.                                        Case No. 8:19-cv-3040-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

I.

**A.**    **Procedural Background**

Plaintiff filed an application for SSI (Tr. 287-92). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 85-113). Plaintiff then requested an administrative hearing (Tr. 97, 113). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 117). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 114-32). Subsequently, Plaintiff requested review from the Appeals

Council, which was remanded for further proceedings (Tr. 133-38). The ALJ held another hearing and subsequently, issued a partially favorable decision finding that Plaintiff was disabled as of the date of the decision, but not prior thereto (Tr. 19-40). Plaintiff timely requested review of such decision, which was denied by the Appeals Council. (Tr. 1-8). Plaintiff then timely filed a Complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

      **B.**      **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1964 (Tr. 98), claimed disability beginning on January 1, 1998 (Tr. 23), but since amended the onset date to August 18th, 2015 (Tr. 46). Plaintiff obtained a high school education (Tr. 46). Plaintiff has no past relevant work (Tr. 32). Plaintiff alleged disability due to a prior stroke, a pinched nerve in her shoulder, back pain, knee pain, lack of control over her hands, fingers, and arms, and mental health impairments (Tr. 29,47).

In rendering the administrative decision, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since the date of her application (Tr. 26). After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: arthropathy, right shoulder pinched nerve, cerebrovascular disease, obesity, anxiety disorder, panic disorder with agoraphobia and depressive disorder (Tr. 26). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 26). The ALJ then

concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, except that Plaintiff could lift and/or carry twenty pounds occasionally; lift and/or carry ten pounds frequently; stand and/or walk six hours in an eight-hour workday; sit six hours in an eight-hour workday; could never climb ladders, ropes or scaffolds; could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; could occasionally reach overhead, in front and laterally; could only frequently finger with the right upper extremity; could understand, carry out, and remember simple, routine, and repetitive tasks involving only simple, work-related decisions with the ability to adapt to routine workplace changes; and could tolerate occasional interaction with the general public (Tr. 28). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully supported due to inconsistencies with her symptoms and the medical evidence and other evidence (Tr. 29).

Plaintiff has no past relevant work, however, given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a conveyor line bakery worker and a laminating machine off bearer (Tr. 33). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found that

Plaintiff was not disabled prior to the date of the ALJ's decision, but became disabled on that date (Tr. 33-34).

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks

required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*).

### III.

Plaintiff argues that the ALJ erred in finding that there were a significant number of jobs in the national economy that Plaintiff could perform. For the following reasons, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

At step five, the Commissioner must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can make an adjustment to other work. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239. Conversely, if the claimant cannot make an adjustment to other work, a finding of disabled is warranted. *Id.* At this step, the burden temporarily shifts to the Commissioner to show other jobs exist in significant numbers in the national economy which, given the claimant's impairments, the claimant can perform. *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson*, 284 F.3d at 1227 (citation omitted).

There are two avenues by which an ALJ may determine a claimant's ability to adjust to other work in the national economy; namely, by applying the Medical Vocational Guidelines ("Grids") or using a VE. *Phillips*, 357 F.3d at 1239-40. Typically, where the claimant cannot perform a full range of work at a given level of exertion or where the claimant has non-exertional impairments that significantly limit basic work skills, the preferred method of demonstrating the claimant can perform other jobs is through the testimony of a VE. *May v. Comm'r of Soc. Sec. Admin.*, No. 06-15867, 2007 WL 1034725, at *4 (11th Cir. 2007). Indeed, exclusive reliance on the Grids is not appropriate under either of those circumstances. *Phillips*,

357 F.3d at 1242. For a VE's testimony to constitute substantial evidence, however, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Wilson*, 284 F.3d at 1227.

The jobs identified by the Commissioner must exist in significant numbers in the national economy. *See Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 934–35 (11th Cir. 2015) (stating that a person is not disabled unless he cannot engage in any other substantial work existing in the national economy and that "Work which exists in the national economy" means work existing in significant numbers in either the region where the claimant resides or in several regions of the country). Here, the VE identified two jobs available in significant numbers in the national economy that Plaintiff could have performed: conveyor line bakery worker, DOT number 524.687-022 (4,000 jobs nationally) and laminating machine off bearer, DOT number 569.686-046 (approximately 3,000 jobs nationally) (T. 33,75). Thus, a combined total of 7,000 jobs existed that Plaintiff was able to perform based on her impairments.

The Eleventh Circuit has "never held a minimum numerical count of jobs must be identified in order to constitute work that 'exists in significant number' under the statute and regulations . . . however . . . the 'appropriate focus under the regulation is the national economy.'" *Atha*, 616 F. App'x at 934–35 (quoting *Allen v. Bowen,* 816 F.2d 600, 603 (11th Cir. 1987)). Thus, while the ALJ bears the burden to identify jobs in the national economy that a plaintiff can perform, the ALJ need not identify a *certain number* of jobs for its decision to be supported by substantial

evidence. *Id.* (finding that even 3,200 available jobs in the national economy is a significant number of jobs and that the ALJ's decision was supported by substantial evidence); *Wilson*, 284 F.3d at 1227.

Here, Plaintiff argues that 7,000 jobs in the national economy does not constitute a significant number and that the ALJ's decision was an abuse of discretion. The undersigned disagrees. In support of her position, Plaintiff cites to *Beltran v. Astrue*, where the Ninth Circuit Court of Appeals found that 135 jobs in the region and 1,680 jobs nationally does not constitute a significant number of jobs either in a region or the national economy. 700 F.3d 386, 389 (9th Cir. 2012). Notwithstanding the fact that this case is from a different circuit, the number of available jobs in *Beltran* is significantly less than the number in the instant matter. Plaintiff suggests that the number of jobs in the instant matter is closer to 3,500 rather than 7,000 (Doc. 19, Pg. 6). However, even taking this contention as true, that number is still *more than double* the national amount in *Beltran*.

Plaintiff also cites to *Mize v. Saul*, a recent case from California where the district court held that it was error for the ALJ to find that 8,233 jobs in the national economy constitutes a significant number of jobs. 2020 WL 528850, at *5 (E.D. Cal. 2020). However, *Mize* is not binding in this jurisdiction. Plaintiff fails to cite to any case law from this jurisdiction in support of its position that 7,000 jobs, let alone 3,500 jobs, does not constitute a significant number.

Contrarily, the Commissioner cites to *Brooks v. Barnhart*, which Plaintiff concedes is supportive of the Commissioner's position (Doc. 19, Pgs. 6-7,10); 133

F. App'x 669, 670-71 (11th Cir. 2005). In that case, the Eleventh Circuit found that 840 jobs in the national economy constituted a significant number and was supported by substantial evidence. *Id*. at 670. The number of jobs in the instant matter far exceeds the amount deemed significant in *Brooks*. Therefore, given the fact that the ALJ identified work available in significant numbers in the national economy that the Plaintiff can perform, the Court finds that there is substantial evidence to support the ALJ's finding of not disabled.

For the foregoing reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 22nd day of January, 2021.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record